# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| TAMMY P.,[1] <br><br> Plaintiff, <br><br> vs. <br><br> FRANK BISIGNANO, Commissioner of Social Security, <br><br> Defendant. | No. 24-CV-4054-CJW-MAR <br><br><br> **ORDER** |

## I. INTRODUCTION

A Report & Recommendation ("R&R") by the Honorable Mark A. Roberts, United States Magistrate Judge, recommending the Court affirm the decision of the Administrative Law Judge ("ALJ") denying Tammy P.'s ("claimant") application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("the Act"), Title 42, United States Code, Sections 401–34 and denying her application for supplemental security income ("SSI") under Title XVI of the Act, Sections 1381–85 is before the Court. (Doc. 15). Claimant filed an objection. (Doc. 12). For the following reasons, the Court **overrules** claimant's objection, **adopts** Judge Roberts' R&R, and **affirms** the ALJ's decision denying DIB and SSI.

## II. BACKGROUND, STANDARDS, AND THE ALJ'S FINDINGS

The Court finds that Judge Roberts accurately set out the background, disability determinations and burden of proof, the ALJ's findings, and the substantial evidence

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

standard, (Doc. 11, at 1–7), and claimant does not object to any portion of it. In fact, claimant specifically lists the pages of the R&R she objects to as beginning with page 8. (Doc. 12, at 2). Thus, the Court adopts those portions of the R&R and incorporates them by reference without replicating them here.

The key background information as summarized by Judge Roberts is that "[c]laimant allegedly became disabled due to esophagitis, duodenitis, anxiety disorder, major depression disorder, enteritis, severe degenerative disc disease, anemia, constant stomach pain with inflammation and chronic diarrhea, GERD, and chronic external and internal hemorrhoids. Claimant's onset of disability date is January 10, 2021." (Doc. 11, at 1–2 (internal citations omitted)). "The ALJ issued an unfavorable decision on December 12, 2023." (*Id.*).

### III. STANDARD OF REVIEW OF AN R&R

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a clearly erroneous standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the

2

Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). A district judge may, however, elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985).

## IV.   THE R&R

In her brief before Judge Roberts, claimant argued that the ALJ (1) incorrectly evaluated the supportability and consistency with other evidence of claimant's psychiatric medication manager's opinion, (2) failed to support the denial of DIB and SSI with substantial evidence, and (3) incorrectly found claimant's abdominal pain not severe. (Doc. 6, at 2). The Commissioner of Social Security ("Commissioner") responded, first, that the ALJ correctly found the psychiatric medication manager's opinion "unpersuasive because her own treatment file did not support it and because it was inconsistent with other records showing much better functioning." (Doc. 8, at 3). The Commissioner also argued, second, that substantial evidence supports the ALJ's decision, and, lastly, the Commissioner argued that claimant "is mistaken when claiming the ALJ found her abdominal pain a nonsevere impairment because pain is not an impairment, and the ALJ did not make this finding." (*Id.*). In her reply brief, claimant shifted her second argument to just focus on the evidence of anemia. (Doc. 9, at 1).

In the R&R, Judge Roberts found "that the ALJ both properly considered [the psychiatric medication manager's] opinions and properly addressed the consistency and

3

supportability of [her] opinions. The ALJ also properly supported the conclusions that [her] opinions were not consistent with the record as a whole and were not adequately supported by objective medical findings in the record." (Doc. 11, at 13). Judge Roberts also found that the submitted evidence of anemia "does not support [c]laimant's request for remand." (*Id.*, at 16). Finally, Judge Roberts determined that "the ALJ properly determined that [c]laimant's IBS and GERD were nonsevere impairments" because claimant did not meet her burden to establish otherwise. (*Id.*, at 19).

## V. DISCUSSION

Claimant now asserts that Judge Roberts committed reversible error by (1) failing to determine if the ALJ's rejection of claimant's psychiatric medication manager's opinion was supported by substantial evidence, (2) failing to find that claimant produced credible evidence of anemia, and (3) failing to find claimant's abdominal pain a severe impairment. (Doc. 12, at 3–7). In essence, claimant makes the same three arguments as she did in her brief before Judge Roberts. *See* (Doc. 6, at 1–2 (summarizing claimant's arguments)). The Court considers each in turn.

### A. *Psychiatric Medication Manager's Opinion*

On this first issue, claimant argues that Judge Roberts "just analyzes whether the ALJ's layperson analysis without consideration for [claimant's psychiatric medication manager's] offered rationale for her opinions was supported by substantial evidence." (Doc. 12, at 4). It seems to the Court that claimant means that Judge Roberts did not explicitly evaluate whether the ALJ considered the psychiatric medication manager's reasoning behind her opinions, and thus claimant objects to the ALJ's approach to making his analysis.

Under the regulations, an ALJ must "evaluate the persuasiveness of medical opinions by considering (1) whether they are supported by objective medical evidence, (2) whether they are consistent with other medical sources, (3) the relationship that the

4

Case 5:24-cv-04054-CJW-MAR    Document 13    Filed 02/17/26    Page 4 of 11

source has with the claimant, (4) the source's specialization, and (5) any other relevant factors." *Bowers v. Kijakazi*, 40 F.4th 872, 875 (8th Cir. 2022) (citing 20 C.F.R. § 404.1520c(c)). Likewise, an ALJ's failure to specifically address the consistency and supportability of any medical opinion is reversible error. *See Bonnett v. Kijakazi*, 859 Fed. App'x 19, 20 (8th Cir. 2021). An ALJ is not, however, required specifically to address each statement made or limitations referenced in an opinion. *See McCoy v. Astrue*, 648 F.3d 605, 615 (8th Cir. 2011) (stating that an ALJ is not required to "mechanically list and reject every possible limitation").

Here, claimant is not arguing that Judge Roberts failed to review for whether the ALJ addressed both consistency and supportability. Rather, claimant takes issue with how Judge Roberts reviewed for supportability, claiming that Judge Roberts should have looked more closely at the supporting explanations for the psychiatric medication manager's opinions. *See* (Doc. 6, at 22–23). There is no evidence that Judge Roberts did not review for supporting explanations, and the Court "rejects [claimant's] suggestion that a magistrate judge must expressly address every aspect of every argument raised by counsel, or every facet of an opinion drafted by the ALJ in order for their analysis to be correct." *Jennifer C.L. v. O'Malley*, No. 22-cv-3135 (KMM/DLM), 2024 WL 1209217, at *2 (D. Minn. Mar. 21, 2024). Rather, Judge Roberts specifically stated, "[e]ven if different conclusions could be drawn on this issue, the conclusions of the ALJ should be upheld because they are supported by substantial evidence on the record as a whole." (Doc. 11, at 13).

Still, in reviewing this issue de novo, the Court concludes that the ALJ properly reviewed the psychiatric medication manager's opinion for both consistency and supportability. The ALJ wrote that the evidence relied on by the medication manager was "inconsistent with the opinion. Moreover, the claimant's affect, memory, attention, concentration were normal or intact on mental status examinations (6F-7F, 13F, 17F-

5

18F, 24F, and 37F). After careful consideration of the evidence cited by [the psychiatric medication manager] and the record in its entirety, I must find this opinion unpersuasive." (Doc. 4-2, at 57). Furthermore, the ALJ compared this information to other medical information in the record, explicitly considering its consistency with those other sources. *See* (*Id.*, at 55). Thus, the ALJ explicitly considered consistency. The ALJ also considered supportability, stating, "[t]he clinical findings identified in support of the opinion consisted of the claimant's depressed mood (26F). This evidence is insufficient to support the drastic limitations posited[.]" (*Id.*, at 57). Despite claimant arguing that the ALJ should have considered the explanation behind the psychiatric medication manager's opinion, there was no error with the ALJ's evaluation of the psychiatric medication manager's opinion. *See Austin v. Kijakazi*, 52 F.4th 723, 729 (8th Cir. 2022) ("[T]he ALJ is free to accept some, but not all, of a medical opinion.").

Likewise, on its review, the Court rejects claimant's attempt at requiring this Court to give different weight to the evidence than the ALJ did. *See Cropper v. Dudek*, 136 F.4th 809, 814 (8th Cir. 2025) ("We agree with the Commissioner that this argument is fundamentally inconsistent with our statutorily mandated substantial evidence standard of review -- it invites us to reweigh the evidence of record regarding the supportability and consistency factors, rather than uphold the ALJ's finding that the medical opinions are not persuasive unless that finding 'falls outside the available zone of choice.'"). The Court agrees, instead, with Judge Roberts that "[i]t is not for this Court to reweigh evidence." (Doc. 11, at 13). The ALJ considered the factors that he was required to, and that the ALJ found against claimant does not demonstrate improper consideration. *See Austin*, 52 F.4th at 729 (finding that an ALJ that considered consistency and supportability but ultimately found a medical provider's opinion unpersuasive did not err because the ALJ analyzed the required factors). None of the district court cases by claimant to prove the opposite are from districts within the Eighth Circuit; rather, they

6

are not controlling, and the Court finds them unpersuasive. The Court overrules claimant's objection as to this first issue.

### B. *Evidence of Anemia*

On this second issue, claimant argues that Judge Roberts "erred in asserting there was no evidence suggesting anemia was a severe impairment during the requisite time period or related to any of [claimant's] symptoms." (Doc. 12, at 6). In this way, claimant argues that Judge Roberts should have found that claimant's claimed anemia was severe based on a note submitted to the Appeals Council and Judge Roberts should have found that her claimed severe anemia impacted her during the time period evaluated by the ALJ. *See* (Doc. 9, at 4–5); (Doc. 4-2, at 38–42 (Mayo Clinic note)). Claimant resists Judge Roberts' characterization that the note she submitted as evidence of anemia was generated February 8, 2024, which was after the ALJ's December 12, 2023 decision, arguing instead, "[t]his was close enough to the relevant period—within two months of the ALJ's decision—to matter, especially given symptoms and iron deficiency had been noted during the relevant period." (Doc. 12, at 5).

As an initial matter, the Court concludes that Judge Roberts did not err in categorizing the note as unsigned and undated. (Doc. 11, at 14). The note has in small print towards the top of each page "Generated on: 8-Feb-2024 22:11." (Doc. 4-2, at 38). There is no explicit date of treatment nor is there a signature by the treatment provider anywhere. *See* (*id.*). The Court agrees with Judge Roberts that the small date of generation does not constitute a date of treatment, and claimant concedes that the note is not signed. *See* (Doc. 12, at 6 (calling it an "unsigned note")). The Court does not find claimant's argument that the note "was dated February 8, 2024, or thereabouts" convincing or helpful. (*Id.*, at 5). Because a note can be generated at any time after treatment, the note here is inconclusive as to when claimant visited Mayo Clinic for review of her anemia.

7

As to the note constituting new evidence, "the Appeals Council must evaluate the entire record, including any new and material evidence that relates to the period before the date of the ALJ's decision." *Cunningham v. Apfel*, 222 F.3d 496, 500 (8th Cir. 200) (citing 20 C.F.R. § 404.970(b)); *see also* 20 C.F.R. § 404.970(a)(5) ("The Appeals Council will review a case at a party's request or on its own motion if . . . [it] receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision."). If the Appeals Council denies reviewing a case, "we do not evaluate the Appeals Council's decision to deny review, but rather we determine whether the record as a whole, including the new evidence, supports the ALJ's determination." *Cunningham*, 222 F.3d at 500. A remand is proper only if the new evidence is "relevant . . . and probative of the claimant's condition for the time period for which benefits were denied." *Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002) (quoting *Jones v. Callahan*, 122 F.3d 1148, 1154 (8th Cir. 1997)); *see also Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991) (holding that new evidence is relevant only if it relates to claimant's condition on or before the ALJ's decision). The new evidence, for the Court to properly consider it, must pertain to the time period for which benefits are sought and not to later-acquired disabilities or subsequent deterioration of a previously non-disabling condition. *See Goad v. Shalala*, 7 F.3d 1397, 1398 (8th Cir. 1993) (per curiam); *Hepp v. Astrue*, 511 F.3d 798, 808 (8th Cir. 2008).

As to anemia, the ALJ wrote "[a]fter careful consideration of the record, I find that the claimant's anemia is non-severe because it does not impose more than minimal limitations on her ability to perform basic work activities." (Doc. 4-2, at 49). Despite claiming that the Mayo Clinic note would have changed that determination, here, claimant gets tripped up on the requirement that the evidence relate to the period on or before the date of the hearing decision. As already stated, the Court finds the note does not have a

8

Case 5:24-cv-04054-CJW-MAR    Document 13    Filed 02/17/26    Page 8 of 11

definitive treatment date. Thus, claimant has not demonstrated that the note should even properly be considered. But even accepting the date proposed by claimant—"February 8, 2024, or thereabouts"—that date is nearly two months after the ALJ's decision, and thus, the Court finds, is not probative for the time period for which benefits were sought. The Court agrees with Judge Roberts that "[t]his undated and unsigned single report without additional evidence does not necessitate remand." (Doc. 11, at 16–17). Therefore, considering the record as a whole, the Court finds that the ALJ's determination that claimant's anemia is non-severe is supported by substantial evidence in the record. The Court overrules claimant's objection as to this second issue.

### C. Abdominal Pain

On this last issue, claimant argues solely that the ALJ's erred, not that Judge Roberts erred. Although claimant lists pages 17 to 19 of the R&R as the basis for her objection, her description of the claimed error relates to the ALJ's decision. (Doc. 12, at 2). "To be reviewable, an issue must be presented in the brief with some specificity. That means the [claimant] must offer more than a cursory and summary statement of the asserted error." *Dormani v. Target Corp.*, 970 F.3d 910, 916 (8th Cir. 2020) (internal quotations and citations omitted). When it comes to the R&R, Local Rule 72A requires that a claimant must specify the parts of the R&R to which objections are made, as well as the parts of the record forming the basis for the objections. *Accord* Fed. R. Civ. P. 72; *see also Thompson v. Nix*, 897 F.2d 356, 357–58 (8th Cir. 1990) ("We also remind parties that objections must be . . . specific to trigger de novo review by the District Court of any portion of the magistrate's report and recommendation."). Here, the Court finds that claimant has waived de novo review on this last issue given her failure to present it with sufficient specificity; thus, the Court will review it for clear error.

Although the Court has already incorporated by reference Judge Roberts' recitation of the substantial evidence standard, it bears repeating on this issue. To be

9

Case 5:24-cv-04054-CJW-MAR    Document 13    Filed 02/17/26    Page 9 of 11

clear, in reviewing for substantial evidence, the court "must search the record for evidence contradicting the [Commissioner's] decision and give that evidence appropriate weight when determining whether the overall evidence in support is substantial." *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003) (citation omitted). The court, however, does not "reweigh the evidence presented to the ALJ," *Baldwin*, 349 F.3d at 555, or "review the factual record de novo." *Roe v. Chater*, 92 F.3d 672, 675 (8th Cir. 1996) (quoting *Naber v. Shalala*, 22 F.3d 186, 188 (8th Cir. 1994)). Even if a reviewing court would weigh the evidence differently, the reviewing court must nonetheless affirm the denial of benefits if there is substantial evidence to support the ALJ's finding. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *accord Hacker v. Barnhart*, 459 F.3d 934, 936 (8th Cir. 2006) (stating that an ALJ's decision is not unsupported "simply because we may have reached a different conclusion had we been the fact finder in the first instance").

Here, as with the first issue, claimant argues that this Court should assign different weight to the evidence than the ALJ, which this Court declines to do. In reviewing for clear error, the Court notes that "pain is a symptom, not an impairment." *In re Heckler*, 751 F.2d 954, 955 n.1 (8th Cir. 1984). Under that standard, the ALJ concluded that "[t]he record does not include evidence of emergency or urgent care treatment for digestive or abdominal symptoms. In sum, the record supports my finding that the claimant's IBS and GERD do not impose more than minimal limitations on her ability to perform basic work activities." (Doc. 4-2, at 49). Judge Roberts did not clearly err in finding that, given that pain on its own is not enough to constitute an impairment and claimant did not present evidence of emergency treatment of abdominal pain or any related symptoms, the ALJ properly concluded that claimant's abdominal pain was nonsevere. The Court finds no clear error in Judge Roberts' determination that "[c]laimant did not meet her burden to establish that her IBS and GERD were severe

10

impairments. Even if different conclusions could be drawn on this issue, the conclusions of the ALJ should be upheld because they are supported by substantial evidence on the record as a whole." (Doc. 11, at 19). The Court does not have a firm conviction that a mistake has been committed; thus, the Court overrules claimant's objection to Judge Roberts' R&R on this final issue.

### VI. *CONCLUSION*

For these reasons:

1. Claimant's objection (Doc. 12) to the R&R (Doc. 11) is **overruled**.
2. The Court **accepts** the R&R (Doc. 11) without modification. *See* 28 U.S.C. § 636(b)(1).
3. Following Judge Roberts' recommendation:
   a. The ALJ's decision denying claimant's application for DIB is **affirmed**;
   b. The ALJ's decision denying claimant's application for SSI is **affirmed**; and
   b. Judgment will enter against claimant and in favor of the Commissioner.

**IT IS SO ORDERED** this 17th day of February, 2026.

_____
C.J. Williams, Chief Judge
United States District Court
Northern District of Iowa